IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:05-10087-T-An |
| | ) | |
| JAMES ANTHONY COTTRELL and | ) | |
| ROY WADE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING JAMES ANTHONY COTTRELL'S MOTION TO RECONSIDER
BOND PENDING TRIAL

The grand jury indicted James Anthony Cottrell ("Defendant") on one count of conspiracy to possess with the intent to distribute and conspiracy to distribute more than five grams of crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and on one count of possession with the intent to distribute more than five grams of crack cocaine, *see* 21 § 841(a)(1). On November 30, 2005, U.S. Magistrate Judge Thomas Anderson held a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), and Judge Anderson entered an order of detention after determining that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.

On January 20, 2006, Defendant moved for reconsideration of Judge Anderson's order

of detention. *See* 18 U.S.C. § 3145(b).[1] In support, Defendant submitted a petition with the names of several friends and neighbors who ostensibly would testify that Defendant is neither a risk of flight nor a danger to the community. On January 23, 2006, the Government objected to Defendant's motion for reconsideration.

"Probable cause exists to believe that [Defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et. seq.*)[.]" 18 U.S.C. § 3142(e); 21 U.S.C. § 841(b)(1)(B)(iii); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (holding that an indictment charging participation in the trafficking of crack cocaine is sufficient to support a finding of probable cause for pretrial detention purposes).[2] The court must apply a mandatory, but rebuttable, presumption in favor of holding Defendant in detention pending trial. 18 U.S.C. § 3142(e). For suspected drug offenders, the Court of Appeals for the Sixth Circuit has instructed trial courts to give special deference to Congress' finding that " 'drug

---

[1] It is not necessary to decide the precise standard of review that should apply to the court's review of the Magistrate Judge's order in this case. *C.f. United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). The court would reach the same result pursuant to any standard.

[2] Contrary to the Government's brief, *see* Gov't Br. at 2, *Hazime* did not hold that the indictment was itself enough evidence to support pretrial detention. *See* 762 F.2d at 37. The indictment receives such conclusive effect only for the purpose of raising, in the first instance, the mandatory but *rebuttable* presumption in favor of pretrial detention for persons charged with certain offenses. Indeed, to accept the Government's view, the only evidence that a Defendant could offer in rebuttal would be evidence that the defendant was not in fact indicted for one of the presumption-raising offenses, or for any offense. *But c.f. United States v. Hinton*, 113 Fed. App'x 76, 77–78 (6th Cir. Sept. 20, 2004) (stating that the indictment triggers the presumption and shifts the burden of production to the defendant, but noting that "the government retains the burden of persuasion").

The Government's reliance on *United States v. Vance*, 851 F.2d 166, 167–68 (6th Cir. 1988), *see* Gov't Br. at 2, is also misplaced. Unlike the Sixth Circuit in *Vance*, this court does not have before it a defendant whose "guilt of a crime has been established in a court of law . . . . beyond a reasonable doubt[.]" *Vance*, 851 F.2d at 170 (internal citation and quotation marks omitted); *compare* 18 U.S.C. § 3143 ("Release or detention of a defendant pending *sentence or appeal*") (emphasis added) *with* § 3142 ("Release or detention of a defendant pending *trial*") (emphasis added).

offenders pose a special risk of flight and dangerousness to society.'" *E.g., United States v. Hinton*, 113 Fed. App'x 76, 78 (6th Cir. Sept. 20, 2004) (quoting, with approval, *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). To rebut the statutory presumption, Defendant must produce evidence showing that he would not pose either a risk of flight or a danger to any person or to the community. *Id.*

Defendant's evidence—favorable statements from friends and relatives—does not erase the mandatory presumption in this case. *See United States v. Bermudez*, No. 1:95:CR:64, 1995 U.S. Dist. LEXIS 6897, at *11–14 (W.D. Mich. May 4, 1995) (considering the presumption in light of the other factors[3] in 18 U.S.C. § 3142(g) when a defendant produces some evidence in rebuttal). Nor does it overcome compelling evidence suggesting that Defendant poses both a risk of flight and a danger to the community. Defendant was arrested for the instant offense while on probation. *See* Report of Pretrial Services ("PTSR") at 2. If Defendant is convicted of the instant offense he will be subject to a substantial minimum term of incarceration. The possibility of revocation of his state probation and/or a lengthy federal sentence supply real flight incentives for this particular Defendant—incentives separate from and supplementary to the presumed incentive that Congress has attached to all suspected serious drug offenders. Finally, Defendant, indicted here for a presumption-raising drug trafficking offense, has admittedly sold drugs in the past.

---

[3]The relevant factors, including the presumption, are: the nature and circumstances of the offense charged, the weigh of evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger that the defendant's release would pose to any other person or the community. 18 U.S.C. § 3142(g).

*See* PTSR at 2.

All of these factors—the statutory presumption of flight risk/dangerousness, the special weight that must be given to that presumption in drug cases, Defendant's real flight incentives, and his previous drug trafficking conviction—compel Judge Anderson's conclusion that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" within the meaning of the Bail Reform Act.

Defendant James Anthony Cottrell's Motion to Reconsider Bond Pending Trial [Dkt. # 34] is therefore DENIED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE