# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:05-10087-T-An |
| | ) | |
| JAMES ANTHONY COTTRELL and | ) | |
| ROY WADE, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DENYING DEFENDANT JAMES ANTHONY COTTRELL'S MOTION "FOR DISMISSAL OF CASE/NOLLE PROSQUI FOR LACK OF AN INSUFFICIENT EVIDENCE"

---

James Anthony Cottrell ("Defendant"), who is represented by counsel, filed this *pro se* "Motion for Dismissal of Case/Nolle Prosqui for Lack of an Insufficient Evidence." [Dkt. # 40].

28 U.S.C. § 1654 provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In felony criminal cases, moreover, a defendant has a "constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, *or*, alternatively, to represent himself." *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987), *cert. denied*, 484 U.S. 841 (1987) (citing *Faretta v. California*, 422 U.S. 806 (1975)). Neither the statute nor the Sixth

Amendment, however, guarantees the right to assert both the right to self-representation and the right to counsel at the same time—*i.e.*, there is no statutory or constitutional right to "hybrid representation." *Mosley*, 810 F.2d at 97–98; *see also Jones v. Bradshaw*, 326 F. Supp. 2d 857, 857 (N.D. Ohio 2004) (published order). The decision whether to permit hybrid representation in individual cases is instead left within the sound discretion of the district courts. *United States v. Green*, 388 F.3d 918, 922–923 (2004) (citing *Mosley*, 810 F.2d at 98)).

In *Mosley*, the Court of Appeals for the Sixth Circuit discussed some of the factors relevant to a trial court's exercise of that discretion. *Mosley*, 810 F.2d at 98 (undue delay, jury confusion, conflicts and disagreements over trial strategy, and the skill of defendant's private or appointed counsel). The defendant's relative experience or inexperience with the law is likewise an important consideration. *Green*, 388 F.3d at 923. In this case, Defendant is represented by able counsel, and it is apparent to the court that Defendant's counsel is at a relative advantage compared to Defendant with respect to the filing of pretrial motions in general. Consideration of that factor alone leads the court to conclude that this defendant generally should not file *pro se* motions while he is still represented by an attorney.

Although the court cannot "force a lawyer on a defendant," *see Faretta v. California*, 422 U.S. 806, 834 (1975), it may require him to "'knowingly and intelligently' forgo" the benefits of his Sixth Amendment right to counsel in order to establish a record that " 'he kn[ew] what he [was] doing and [that] his choice [was] made with eyes open[,]" *id.* (citing *Johnson v. Zerbst*, 304 U.S. 458, 464–465 (1938) and quoting *Adams v. United States ex. rel.*

*McCann*, 317 U.S. 269, 279 (1942)).  Because Defendant has never knowingly and intelligently waived his right to counsel, and because the court has determined that it will not entertain Defendant's *pro se* filings so long as he remains represented by counsel, the court cannot consider the merits of his *pro se* "Motion for Dismissal of Case/Nolle Prosqui for Lack of an Insufficient Evidence."

For these reasons, and without considering the merits of his motion, Defendant James Anthony Cottrell's *pro se* Motion for Dismissal of Case/Nolle Prosqui for Lack of an Insufficient Evidence [Dkt. # 40] is DENIED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE